## In the Circuit Court of the State of Oregon

## For the County of Multnomah

MARY CHRISTINE M. MANAOIS,

Plaintiff, **CASE NO. 1209-11822**

**SUMMONS**

vs.

PROVIDENCE HEALTH AND SERVICES – OREGON,

Defendant.

Providence Health & Services Oregon
c/o Business Filings Incorporated, Registered Agent
388 State Street, #420
Salem OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in the case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "Appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636. The Oregon State Bar Referral Service Website is: www.osbar.org/public.

/s/ Debbie L. Pilorget
SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Debbie Pilorget, OSB No. 003538
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED)          BAR NO.(IF ANY)

Kivel & Howard LLP
111 SW Fifth Avenue, Suite 1775
ADDRESS

Portland, Oregon   97204      (503) 796-0909
CITY          STATE          ZIP          PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)      BAR NO.

STATE OF OREGON; County of Multnomah ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

Debbie Pilorget, OSB No. 003538
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document that you shall attach hereto.

KIVEL & HOWARD LLP
ATTORNEYS AT LAW
111 SW Fifth Avenue, Suite 1775
Portland, Oregon 97204
(503) 796-0909

MAN027-0001P

/s/ Debbie L. Pilorget

Debbie Pilorget, OSB No. 003538
ATTORNEY(S) FOR PLAINTIFF(S)

Exhibit 1

SEP 2 0 2012

I HEREBY CERTIFY THAT THIS IS
A TRUE COPY OF THE ORIGINAL

*Debbie P.*

OF ATTORNEYS FOR

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF MULTNOMAH

6

7  MARY CHRISTINE M. MANAOIS, an          )    CASE NO.  **120911822**
   individual,                            )
8                                         )    COMPLAINT
                        Plaintiff,        )    (Violation of Title VII Sex
9                                         )    Discrimination; Retaliation; State
        v.                                )    Statutory Discrimination and Retaliation)
10                                        )
   PROVIDENCE HEALTH AND                  )    PRAYER: $800,000
   SERVICES – OREGON, an Oregon Non-      )
11 Profit Corporation,                    )    Fee Authority: ORS 21.160(1)(c)
                                          )
12                      Defendant.        )

13          For her Complaint, Plaintiff Mary Christine M. Manaois ("Plaintiff") alleges as

14  follows:

15                                        1.

16          Plaintiff is an individual residing in Multnomah County, Oregon.

17                                        2.

18          At all relevant times, Plaintiff was employed by Providence Health & Services Oregon,

19  an Oregon Non-Profit Corporation ("Providence") in Portland, Multnomah County, Oregon.

20  Providence employed more than five hundred (500) employees for each working day in each of

21  twenty or more calendar weeks in the current or preceding calendar year.

22                                        3.

23          Plaintiff has exhausted all administrative remedies necessary to proceed on her Title VII

24  claims.  Plaintiff timely filed a complaint with the Bureau of Labor and Industries ("BOLI").

25  BOLI is a Fair Employment Practices Agency authorized by the Equal Employment

26

Page 1   COMPLAINT
         MAN027-0001P


Exhibit 2

1    Opportunity Commission to accept complaints on its behalf.  Plaintiff received a right-to-sue

2    letter from BOLI dated June 22, 2012.

3                                              **FACTUAL ALLEGATIONS**

4                                                            4.

5           Plaintiff began work for Providence in or around April 2007 as an environmental

6    services supervisor.

7                                                            5.

8           Plaintiff's husband, Bo Nguyen ("Nguyen") was also employed by Providence in the

9    pharmacy department.

10                                                          6.

11          Plaintiff's daughter, Justine Manaois ("Manaois"), was also employed by Providence as

12   a volunteer.

13                                                          7.

14          Plaintiff was, prior to 2010, one of two female supervisors in the environmental services

15   department.  Her work shift was 6:00 p.m. to 1:30 a.m.

16                                                          8.

17          In or around May 2009, Terry Branson ("Branson"), a male, was hired as the Director of

18   Environmental Services and was Plaintiff's direct manager.

19                                                          9.

20          Prior to Branson's employment, Plaintiff "exceeded expectations" on all of her annual

21   performance evaluations and received the maximum pay increase available for her position.

22                                                         10.

23          On more than one occasion between May 2009 and September 2010 Branson advised

24   Plaintiff and others that he did not believe that women should be supervisors in his department.

25

26

Page 2    COMPLAINT
          MAN027-0001P

                                        **KIVEL & HOWARD LLP**
                                             Attorneys At Law
                                              P.O. Box 40044
                                          Portland, Oregon  97204
                                   503.796.0909 / Fax: 503.914.0374

1                                        11.

2          After Branson's employment, Plaintiff received only "meets expectations" on her

3    performance evaluations, resulting in smaller pay increases.

4                                        12.

5          From May 2009 through September 2010, Plaintiff was subject to oral and written

6    discipline for conduct that male employees were not subject to, including, but not limited to:

7          a.        In or around October 2009, Branson disciplined Plaintiff for tardiness but failed

8    to discipline other male employees, including but not limited to Stanley Phillips, for tardiness.

9          b.        In or around December 2009, Branson disciplined Plaintiff for failing to adhere

10   to department-wide policies but failed to discipline other male employees, including but limited

11   to Stanley Phillips and Luis Navarrete, for failing to adhere to department policies.

12                                       13.

13         From May 2009 through September 2010, Plaintiff was required to change her work

14   shift to 9:30 p.m. to 6:00 a.m. and was required to complete additional duties while none of the

15   male supervisors were required to change shifts or complete additional duties.

16                                       14.

17         On or about December 29, 2009, Plaintiff complained, in writing, to Branson regarding

18   her treatment.

19                                       15.

20         On or about September 15, 2010, an altercation involving two employees occurred.  One

21   employee was supervised by Plaintiff, the other employee was supervised by a male supervisor,

22   Al Kendall ("Kendall").  As required by department policy, Plaintiff investigated the altercation

23   and issued a disciplinary statement to the involved employees.  Though Plaintiff repeatedly

24   asked Kendall for assistance and advice, Kendall took no action to investigate the incident or

25   issue a disciplinary statement.  Instead, Kendall left the premises.

26

Page 3    COMPLAINT
          MAN027-0001P

KIVEL & HOWARD LLP
Attorneys At Law
P.O. Box 40044
Portland, Oregon  97204
503.796.0909 / Fax: 503.914.0374

1                                          16.

2          On September 20, 2010, Plaintiff was terminated for failing to send the employees

3   home.  No disciplinary action was taken against Kendall.

4                                          17.

5          During Plaintiff's termination meeting, no Human Resources Director was present as

6   required by Defendant's policy.  However, when another supervisor, Luis Navarrete, was

7   ultimately terminated, a Human Resources Director was present.

8                                          18.

9          On September 22, 2010, Plaintiff filed a grievance with Providence.

10                                          19.

11          In a meeting with Providence Human Resources on or about October 5, 2010, Plaintiff

12   advised Providence of the employment status of her family members.

13                                          20.

14          On December 27, 2010, Plaintiff was reinstated to a non-managerial position as a

15   Nursing Staffing Coordinator at a rate of pay of approximately $21.00 per hour.

16                                          21.

17          On or around December 27, 2010, Plaintiff's husband, Nguyen, was terminated and her

18   daughter, Manaois, was placed on a permanent leave of absence.

19                                          22.

20          In or around January 2011, Plaintiff filed a discrimination complaint/charge with BOLI.

21                                          23.

22          Subsequent to her reinstatement and the filing of her BOLI complaint, Plaintiff began to

23   experience a change in her working conditions, including, but not limited to:

24          a.      inadequate, inaccurate and inconsistent training despite numerous requests for

25   proper training;

26

Page 4    COMPLAINT
          MAN027-0001P                              KIVEL & HOWARD LLP
                                                       Attorneys At Law
                                                       P.O. Box 40044
                                                    Portland, Oregon  97204
                                                503.796.0909 / Fax: 503.914.0374

1   b.  promotion of an adequately trained male employee to Plaintiff's position in or

2 around May 2011 while Plaintiff was demoted without explanation;

3   c.  scheduling of unfavorable work shifts with no notice or without proper rest time;

4   d.  canceling and rescheduling of meetings without adequate notice and time for

5 preparation.

6           24.

7   Plaintiff notified Human Resources, in writing, regarding the change in her working

8 conditions but no action was taken to address her concerns.

9           25.

10   On or about July 13, 2011, Plaintiff filed a retaliation complaint with BOLI.

11           26.

12   In or around July 2011, Plaintiff was placed on medical leave as a result of the stress

13 associated with her working environment. Her employment was eventually terminated.

14           27.

15   In or around August 2011, Plaintiff accepted a position with Legacy earning $16.50 per

16 hour.

17           28.

18   In or around April 2, 2012, BOLI concluded that there was substantial evidence to

19 support Plaintiff's allegations of discrimination.

20        **FIRST CLAIM FOR RELIEF**

21      **(Violation of Title VII – 42 U.S.C. § 2000e)**

22    **Count 1 – Disparate Treatment Gender Discrimination**

23           29.

24   Plaintiff realleges paragraphs 1 – 28. 42 U.S.C. § 2000e-2(a) provides: "it shall be an

25 unlawful employment practice for an employer" to discharge an individual, "or otherwise to

26 discriminate against any individual with respect to his compensation, terms, conditions or

Page 5  COMPLAINT
     MAN027-0001P

           **KIVEL & HOWARD LLP**
            Attorneys At Law
            P.O. Box 40044
           Portland, Oregon 97204
       503.796.0909 / Fax: 503.914.0374

1 privileges of employment because of such individual's race, color, religion, sex, or national

2 origin . . ."

3                                        30.

4        During the course of Plaintiff's employment with Defendant, Plaintiff suffered from

5 discrimination based on her gender.  Incidents of gender discrimination committed by

6 Defendant adversely affected Plaintiff's employment opportunities, terms, conditions, and

7 privileges of employment in violation of 42 U.S.C. § 2000e-2(a).

8                                        31.

9        Defendant discriminated against Plaintiff in the employment opportunities, terms,

10 conditions, and privileges of her employment and ultimately terminated her on the basis of her

11 gender because she is a woman.

12                                       32.

13       As a direct and proximate consequence of Defendant's discrimination, Plaintiff has

14 experienced humiliation, stress, damage to her reputation, and emotional and mental suffering.

15 Plaintiff has suffered non-economic damages in a fair sum to be determined by the jury at trial,

16 but in no event more than $300,000.

17                                       33.

18       Pursuant to 42 U.S.C. § 1988 Plaintiff is entitled to recover her reasonable attorney fees.

19                  **Count 2 – Retaliation Gender Discrimination**

20                                       34.

21       Plaintiff realleges paragraphs 1-33.   42 U.S.C. § 2000e-3(a) "it shall be an unlawful

22 employment practice for an employer to discriminate against any of his employees . . . because

23 he has opposed any practice made an unlawful employment practice by this subchapter, or

24 because he has made a charge, testified, assisted, or participated in any manner in an

25 investigation, proceeding, or hearing under this subchapter."

26

Page 6    COMPLAINT
          MAN027-0001P

**KIVEL & HOWARD LLP**
Attorneys At Law
P.O. Box 40044
Portland, Oregon  97204
503.796.0909 / Fax: 503.914.0374

1                        35.

2       Plaintiff complained about conduct that she believed was discrimination based on her

3 gender.  After these complaints, Defendant retaliated against Plaintiff in one or more of the

4 ways described.

5                        36.

6       Defendant's retaliation toward Plaintiff because she complained about gender

7 discrimination constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to

8 relief.

9                        37.

10       As a direct and proximate consequence of Defendant's retaliation, Plaintiff has

11 experienced humiliation, stress, damage to her reputation, and emotional and mental suffering.

12 Plaintiff has suffered non-economic damages in a fair sum to be determined by the jury at trial,

13 but in no event more than $300,000.

14                        38.

15       Pursuant to 42 U.S.C. § 1988 Plaintiff is entitled to recover her reasonable attorney fees.

16                 **<u>SECOND CLAIM FOR RELIEF</u>**

17                 **(Violation of ORS 659A)**

18              **<u>Count 1 – Gender Discrimination</u>**

19                        39.

20       Plaintiff realleges paragraphs 1-38.  ORS 659.030(1)(b) provides that it is an unlawful

21 employment practice "for an employer, because of an individual's race, color, religion, sex,

22 sexual orientation, national origin, marital status or age if the individual is 18 years of age or

23 older . . . to discriminate against the individual in compensation, or in terms, conditions or

24 privileges of employment."  Discrimination committed by Defendant affected Plaintiff's

25 employment opportunities and terms, conditions, and privileges of employment and is a direct

26 violation of the statute.

Page 7   COMPLAINT
MAN027-0001P

KIVEL & HOWARD LLP
Attorneys At Law
P.O. Box 40044
Portland, Oregon  97204
503.796.0909 / Fax: 503.914.0374

1    40.

2    As a direct and proximate consequence of Defendant's discrimination, Plaintiff has

3    experienced humiliation, stress, damage to her reputation, and emotional and mental suffering.

4    Plaintiff has suffered non-economic damages in a fair sum to be determined by the jury at trial,

5    but in no event more than $500,000 as a result of Defendant's gender discrimination directed

6    against her.

7    41.

8    Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees.

9    **Count 2 – Retaliation Gender Discrimination**

10    42.

11    Plaintiff realleges paragraphs 1-41.  ORS 659A.030(1)(f) provides that it is an unlawful

12    employment practice "for any person to discharge, expel or otherwise discriminate against any

13    other person because that other person has opposed any unlawful practice, or because that other

14    person has filed a complaint, testified or assisted in any proceeding under this chapter or has

15    attempted to do so."

16    43.

17    Plaintiff complained about conduct that she believed was discrimination based on her

18    gender.  After these complaints, Defendant retaliated against Plaintiff in one or more of the

19    ways described.

20    44.

21    Defendant's retaliation toward Plaintiff because she complained about gender

22    discrimination, constitutes a violation of ORS 659A.030(1)(f), for which Plaintiff is entitled to

23    relief.

24    45.

25    As a direct and proximate consequence of Defendant's retaliation, Plaintiff has

26    experienced humiliation, stress, damage to her reputation, and emotional and mental suffering.

KIVEL & HOWARD LLP
Attorneys At Law
P.O. Box 40044
Portland, Oregon  97204
503.796.0909 / Fax: 503.914.0374

1    Plaintiff has suffered non-economic damages in a fair amount to be determined by the jury at

2    trial but in no event more than $500,000 as a result of Defendant's retaliation against her.

3                                            46.

4          Pursuant to ORS 659.885, Plaintiff is entitled to recover her reasonable attorney fees.

5          WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

6    1.    For Plaintiff's First Claim:

7          a.    Count 1:    For non-economic damages in the sum of $300,000.

8          b.    Count 2:    For non-economic damages in the sum of $300,000.

9    2.    For Plaintiff' Second Claim:

10         a.    Count 1:    For non-economic damages in the sum of $500,000.

11         b.    Count 2:    For non-economic damages in the sum of $500,000.

12   3.    For Plaintiff's attorney's fees and costs incurred herein; and

13   4.    For such other relief as the Court deems just and proper.

14   DATED:  September 20, 2012.

15                          KIVEL & HOWARD  LLP

16

17                          Debbie Pilorget, OSB No. 003558
                            dpilorget@k-hlaw.com
18                          111 SW Fifth Avenue, Suite 1775
                            Portland, OR 97204
19                          Phone: 503.796.0909
                            Fax: 503.802.4757
20                          Of Attorneys for Plaintiff

21

22

23

24

25

26

Page 9    COMPLAINT
          MAN027-0001P